IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MICHAEL JOHN BUI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>U.S.D.C. OF MINNESOTA, et al.,<br><br>　　　　Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 1:22-cv-00065-BSJ-CMR<br><br>District Judge Bruce S. Jenkins<br><br>Magistrate Judge Cecilia M. Romero |

## I.　　BACKGROUND

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 4). On May 12, 2022, *pro se* Plaintiff Michael John Bui (Plaintiff) filed his Complaint against Defendants (ECF 1). On June 22, 2022, the court issued a Docket Text Order (ECF 6) denying a motion (ECF 5) filed by Plaintiff because the court was unable to discern the relief requested. On October 12, 2022, the court denied another motion (ECF 8) on the same grounds and issued an Order to Show Cause (ECF 9) directing Plaintiff to explain by November 1, 2022 why this case should not be dismissed for failure to serve Defendants and failure to prosecute. The Order warned Plaintiff that failure to timely respond may result in dismissal of this action (*Id.*). On October 26, 2022, Plaintiff filed a Response (ECF 10) consisting of baseless, frivolous assertions that do not address his failure to effect service or prosecute this case. As of the date of this Report and Recommendation, Plaintiff has not served any defendant or taken any other action in this matter.

## II.     DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, all factors weigh in favor of dismissal. Although Plaintiff filed a Response, Plaintiff failed to meaningfully respond to the directives in the Order despite a clear warning from the court that this case could be dismissed for failure to respond. Plaintiff has also failed to serve any of the Defendants or make any coherent filings in this case in several months. Plaintiff's failure to move this matter along interferes with the judicial process, and his culpability in failing to prosecute this matter is high. There appears to be no effective lesser sanction, and there would be little to no actual prejudice to Defendants where they have not yet been served. In consideration of these factors, the court finds that the circumstances in this case warrant dismissal.

**RECOMMENDATION**

Based on Plaintiff's failure to prosecute this case, the court **RECOMMENDS** that the district judge **DISMISS** this case without prejudice.

**NOTICE**

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 14 February 2023.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah